## IN THE UNITED STATES DISTRICT COURT
## EASTERN DIVISION OF MICHIGAN
## SOUTHERN DIVISION

SARAH DOE, as Next Friend of F.A. DOE,                Case No.
  a minor,                                                            Hon.

      Plaintiff,

v.

LIVONIA PUBLIC SCHOOLS,

GARDEN CITY PUBLIC SCHOOLS,

JAMES BAIRD, individually and in his official
capacities,

      Defendants.

_____

Abdallah M. Moughni (P85374)
Majed A. Moughni (P61087)
MOUGHNI LAW, PLLC.
Attorneys for Plaintiff
290 Town Center Dr. Suite 320
Dearborn, MI 48126
(313) 581-0800
(313) 581-0808 (fax)
Abdallah@moughnilaw.com
Majed@moughnilaw.com
_____

## COMPLAINT AND JURY DEMAND

      NOW COMES Plaintiff, SARAH DOE, as Next of Friend of F.A. Doe, a Minor,

by and through her attorneys, MOUGHNI LAW, PLLC., and for her complaint against

the above-named Defendants, follows:

### PRELIMINARY STATEMENT AND INTRODUCTION

      1.    This is action for declaratory, injunctive, equitable, and monetary relief

for injuries sustained by SARAH DOE, as Next Friend of F.A. Doe, a minor, as a

result of the acts, conduct and omissions of James Baird (hereinafter "Baird"), Livonia Public Schools ("LPS"), Garden City Public Schools ("GCPS") and their respective employees, representatives, and agents, relating to sexual assault, abuse molestation, nonconsensual sexual touching, and harassment by Defendant Baird against Plaintiff F.A. DOE.

2.      F.A. DOE was a 10-year-old 3rd grade student attending Douglas Elementary School in Garden City in 2019. F.A. DOE immigrated to the United States of America from Iraq in 2014. F.A. DOE suffered from retinal dystrophy bulls-eye maculopathy, nystagmus, and myopic astigmatism in her right eye.

3.      Defendant Baird was hired by LPS and contracted out to GCPS as a teacher consultant for the visually impaired and a certified orientation and mobility specialist. Defendant Baird was the designated Orientation and Mobility Specialist for children who required special education due to deficiencies with their vision. F.A. DOE, was provided treatment at the request of her teacher and without a 3rd party's supervision. That treatment was provided by Defendant Baird. F.A. DOE, a minor child, reasonably believed that she was required to consult and receive treatment from Defendant Baird because she was instructed to do so by her teacher.

4.      F.A. DOE had no reason to suspect Defendant Baird was anything other than a competent and ethical vision specialist.

5.      Upon information and belief, Defendant Baird worked for multiple school districts including LPS and GCPS in various positions and capacities from 2013 to 2021.

6.      For over 7 years, Defendant Baird had unfettered access to visually impaired minor girls through the LPS and GCPS.

7.     In 2019, under the guise of treatment, Defendant Baird sexually assaulted, abused, and molested F.A. DOE by nonconsensual sexual touching, and harassment of a minor child.

8.     F.A. DOE was placed in a program run by Defendant Baird to train disabled students the skills to find success irrespective of their vision loss. F.A. DOE was placed in this program due to her retinal dystrophy.

9.     The assault was perpetrated in an empty classroom at Douglas 3-4 Campus within the Garden City School District.

10.     F.A. DOE was approximately 10 years old when she was assaulted by Defendant Baird.

11.     F.A. DOE fell into the age group of the majority of victims Defendant Baird abused, as the age group of many of the  victims was between 10 to 15 years.

12.     All of Defendant Baird's acts against F.A. DOE were conducted under the guise of providing tests and training for the visually impaired in an empty classroom at Douglas 3-4 Campus while Baird abused F.A. DOE and other victims.

13.     Defendant Baird used his position of trust and confidence in an abusive manner, causing F.A. DOE to suffer a variety of injuries including shock, humiliation, emotional distress and related physical manifestations thereof, embarrassment, loss of self-esteem, disgrace, and loss of enjoyment of life.

14.     Upon information and belief, prior to F.A. DOE's interaction with Defendant Baird, two visually impaired minor students were molested by Defendant Baird. One occurred at Douglas 3-4 Campus on January 4, 2018 and the other at Marshall Upper Elementary School in Westland, MI on March 1, 2018.

15.    In these alleged occurrences, Defendant Baird groped one minor's breasts in a room where he was alone with her and then on another occasion, Baird placed his penis in another minor's hand. Garden City Public Schools and Police were put on notice of these crimes, however Baird was not arrested nor fired from his job.

16.    Upon information and belief, following F.A. DOE's interaction with Defendant Baird at Douglas 3-4 Campus, a female student at Wayne-Westland Community Schools District who was receiving vision specialty services from Defendant Baird had reported to Wayne-Westland Community Schools District a sexual assault by Defendant Baird on February 11, 2020

17.    On or about February 1, 2023, Defendant Baird was criminally charged for the molestation of F.A. DOE and other victims. Numerous news articles have publicized the horror of the molestations forcing F.A. DOE and other victims to relive the trauma of the sexual assaults.

18.    As early as 2019, or even before, representatives of LPS and GCPS were made aware of Defendant Baird's conduct, yet failed to appropriately respond to allegations, resulting in the sexual assault, abuse, and molestation of victims through 2021.

19.    LPS and GCPS's deliberate indifference before, during, and after the sexual assault, abuse, and molestation of F.A. DOE and other victims was in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.,* 42 U.S. C. § I 983, as well as other Federal and State laws.

20.    LPS and GCPS's failure to properly supervise Defendant Baird and its negligence in retaining Defendant Baird were in violation of Michigan common law.

21.     On February 1, 2023, Defendant Baird was arrested and charged in Wayne County, Michigan on 2 charges of first-degree criminal sexual conduct, one of whom occurring with a person under 13 and 2 charges of second-degree criminal sexual conduct, one of whom occurring with a person under 13.

22.     The acts, conduct, and omissions of LPS and GCPS and their policies, customs, and practices, with respect to investigating sexual assault allegations, severely compromised the safety and health of F.A. Doe and an unknown number of individuals, and have resulted in repeated instances of sexual assault, abuse, and molestation of F.A. DOE and others by Defendant Baird, which has been devastating for F.A. DOE and her family.

23.     This action arises from LPS, GCPS's, and the other Defendants' blatant disregard for F.A. DOE's federal and state rights, and Defendants' deliberately indifferent and unreasonable response to teacher-on-student sexual assault, abuse, and molestation.

## JURISDICITON AND VENUE

24.     This action is brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. 1681, et seq., as more fully set forth herein.

25.      This is also an action to redress the deprivation of Plaintiff's constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. 1983.

26.     Subject matter jurisdiction is founded upon 28 U.S.C. 1331 which gives District Courts jurisdiction over all civil actions arising under the constitution, laws, and treaties of the United States.

27.     Subject matter jurisdiction is also founded upon 28 U.S.C. 1343 which gives district courts original jurisdiction over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of congress providing for equal right of citizens or of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any act of congress providing for the protection of civil rights.

28.     Plaintiff further invokes the supplemental jurisdiction of the court, pursuant to 28 U.S.C. 1367(a), to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this court that they form part of the same case or controversy.

29.     The claims are cognizable under the United States Constitution, 42 U.S.C. 1983, 20 U.S.C. 1681 et seq., and under Michigan Law.

30.     The events giving rise to this lawsuit occurred in Wayne County, Michigan, which sits in the Southern Division of the Eastern District of Michigan.

31.   Venue is proper in the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## PARTIES AND KEY INDIVIDUALS

32.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

33.     Plaintiff SARAH DOE was, at all times relevant to this cause of action,

a resident of Wayne County, Michigan. She brings this cause of action solely in a representative capacity as Next Friend of and on behalf of her minor daughter, F.A. DOE.

34.     Defendant Baird is a Teacher consultant for visually impaired and a certified orientation and mobility specialist and was a resident of the State of Michigan at all relevant times.

35.     Defendant Baird was, at all times relevant to this cause of action, an employee of a public school district, acting as a public school district employee, and acting within the scope of his employment and under the color of state law.

36.     Defendant Livonia Public Schools ("LPS") is and was, at all times relevant to this cause of action, a public school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

37.     Upon information and belief, Defendant LPS receives federal financial assistance and is therefore subject to Title IX of the  Educational Amendments of 1972, 20 U.S.C. § 1681 (a).

38.     Defendant Garden City Public Schools is and was, at all times relevant to this cause of action, a public-school district incorporated under the laws of the State of Michigan and a Michigan municipal corporation with its principal place of business located in the County of Wayne, State of Michigan.

39.     Upon information and belief, Defendant GCPS receives federal financial assistance and is therefore subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 (a).

40.     Upon information and belief, in 2015 Andrea Oquist became the Interim Superintendent for LPS after serving as the district's director of elementary programs. After serving for four months as the Interim Superintendent the district decided that Oquist become the full time Superintendent. Oquist was, at all times relevant to this cause of action, a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

41.     Upon information and belief, Derek Fisher became the Superintendent for GCPS in 2015 and has held the position ever since. He has worked within the school district since 2001 as a teacher, director of student services and associate principal. Fisher was also the principal of Garden City High School from 2010-2015. Fisher was, at all times relevant to this cause of action, a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

42.     Upon information and belief, James Bohnwagner has been the Principal for Douglas 3-4 and has been so since 2002. James Bohnwagner was, at all times relevant to this cause of action, a resident of Wayne County, Michigan and/or conducted business in Wayne County, Michigan.

43.     Upon information and belief, Melissa Bodnovits the Douglas 3-4 Campus teacher who allowed James Baird to remove Plaintiff F.A. DOE from class.

44.     Upon information and belief, At all relevant times, Defendant Baird was employed by LPS and contracted out to work for GCPS.

45.     At all relevant times, Defendants LPS, GCPS, and Baird were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan.

46.     At all relevant times, including the years of 2013 to 2021, Defendant

Baird was acting in the scope of his employment or agency with Defendant LPS and GCPS.

47.     Upon information and belief, Defendant Baird was      employed      by Defendant LPS 2013 to 2021 in various positions, including but not limited to:

    A.  Teacher Consultant for the visually impaired;

    B.  Certified Orientation and Mobility Specialist;

48.     As a Teacher assistant for the visually impaired, Defendant Baird's care and treatment should have consisted largely of consulting with parents and school personnel on accommodations for children who are visually impaired, including students of Defendant LPS and GCPS.

49.     As a Certified Orientation and Mobility Specialist, Defendant Baird's care and treatment should have consisted largely of training the visually impaired to travel safely within their community.

50.     While   employed   by   Defendant   LPS and GCPS,   Defendant   Baird practiced the above described jobs at Douglas 3-4 Campus.

51.     During his employment, agency, and representation with the LPS and GCPS, Defendant Baird sexually assaulted, abused, and molested F.A. DOE by engaging in nonconsensual sexual touching, assault, and harassment.

52.     Upon information and belief, Defendant Baird began his reign of terror at Douglas 3-4 Campus in 2018, when he molested a visually impaired 10 year old girl. This sexual assault happened multiple times on Campus.

53.     Upon information and belief, later in 2018, Baird molested a 13-year-old visually impaired girl at a Westland elementary school after blindfolding her.

54.     Upon information and belief, in 2020, Baird molested a 15 year old visually impaired girl at a Westland elementary school after blindfolding her.

55.     Upon information and belief, on or about February 2020, Wayne-Westland Community Schools District informed LPS in writing of the allegations of sexual assault of a student at Garden City Public Schools by Defendant Baird.

56.     Upon information and belief, after the December 9, 2020, incident, Garden City Public Schools conducted a Title IX investigation into the incident and subsequently determined that Baird would never again provide services to any Garden City Public Schools student.

57.     Upon information and belief, despite knowledge of the allegations of the Fall 2019 incident in question, LPS did not terminate or conduct an appropriate and thorough investigation of Defendant Baird's sexual assault conduct.

58.     Upon information and belief, LPS did not notify and made no attempt to warn or advise current students or their parents of GCPS, that allegations had surfaced of the Fall 2019 incident.

59.     Upon information and belief, Defendant Baird remained under the employ of LPS until his resignation on August 5, 2022.

## SPECIFIC FACTUAL ALLEGATIONS

60.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

61.     At all times relevant to this cause of action, Defendant Baird was

employed by LPS and pursuant to an agreement was contracted out to GCPS as a vision specialist at Douglas 3-4 Campus to provide services and instruction to students with visual and physical impairments, including F.A. DOE.

62.     F.A. DOE, a 13-year-old immigrant from Iraq, suffers from retinal dystrophy, bulls-eye maculopathy, nystagmus, and myopic astigmatism in her right eye.

63.     In 2019, Ms. Melissa Bodnovits, F.A. DOE's 3rd grade teacher at GCPS, allowed Defendant Baird to remove F.A. DOE from her classroom to complete an vision exam.

64.     Defendant Baird took F.A. DOE to an empty classroom at Douglas 3-4 Campus where he was alone with her and without any supervision. Under the guise of providing F.A. DOE with eye exam testing, Defendant Baird placed a cover on the doors and windows of said classroom.

65.     Once the room was secluded, Defendant Baird instructed F.A. DOE to sit on a chair in front of him. F.A. DOE complied. Defendant Baird placed a blind fold over F.A. DOE's glasses. F.A. DOE asked if the blindfold could be loosened as they were too tight and causing pain.  Defendant Baird refused to loosen the blindfold, explaining that they were necessary for the exam.

66.     Although the blindfold was covering F.A. DOE's glasses, she was still able to see what was happening when she looked down. What she saw, was unimaginable.  F.A. DOE watched as Defendant Baird unzipped his pants and

exposed his penis to this 10-year-old child.

67.     Defendant Baird then grabbed F.A. DOE's hand and used it to grasp and caress his penis. As this occurred, Defendant Baird asked F.A. DOE how it felt.

68.     Once Defendant Baird was content with his perverted sexual gratifications, He pulled up his pants and took F.A. DOE to the school's administrative office.

69.     At the office, Defendant Baird told the staff that he wished to take F.A. DOE outside for a walk to teach her about fire hydrants and stop signs. The staff allowed Defendant to exit the building without requiring him to sign the student out of the school.

70.     F.A. DOE, a 10 year-old minor child, already understood the intricacies of fire hydrants and stop signs. Nonetheless, F.A. DOE did as she was instructed to and went on a walk with Defendant Baird.

71.     Defendant Baird held F.A. DOE's hand and walked her away from the school campus and into the surrounding neighborhood. At that time, Defendant Baird instructed F.A. DOE that if she ever spoke about what had just happened in the classroom (the molestation) to anyone she would be punished.

72.     Upon information and belief, in the fall of 2021, F.A. DOE, changed schools and was now attending Greer Park Elementary School in Dearborn MI. F.A. DOE developed a close bond with Gabrielle Popp, a teacher consultant for the visually impaired. On April 14, 2022, DOE opened up to Ms. Popp about Defendant Baird's

12

molestation.

73.     Ms. Popp took all appropriate actions, including informing the F.A. DOE's parents as well as the Garden City Police Department of the crime that had been committed to this minor child.

74.     Based on this investigation, Defendant Baird was charged with 2nd degree sexual assault of a minor.

**COUNT ONE**
**VIOLATIONS OF TITLE IX**
**20 U.S.C. §1681(a),** *et seq.*
**DEFENDANTS  LPS AND GCPS**

75.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

76.     Title IX's statutory language states, "No *person* in the United States shall on the basis of sex, be... subject to discrimination under any education program or activity receiving Federal financial assistance..."

77.     F.A. DOE is a "person" under the Title IX statutory language.

78.     Defendant LPS receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the  Education Act of 1972, 20 U.S.C. §1681(a), *et seq.*

79.     Defendant LPS is required under Title IX to investigate allegations of sexual assault, sexual abuse,  and sexual harassment.

80.     The U.S. Department of Education's Office of Civil Rights has explained that Title IX covers all programs of a school and extends to sexual harassment  and

assault by employees, students, and third parties.

81.     Defendant Baird's actions and conduct were carried out under one of Defendant LPS's programs, which provides treatment to visually impaired students and the public.

82.     Defendant Baird's conduct and actions toward F.A. DOE, that being nonconsensual sexual touching of a minor, constitutes sex discrimination under Title IX.

83.     Upon information and belief, as early as 2018, or before, an "appropriate person" at Defendant LPS had actual knowledge of the sexual assault, abuse, and molestation committed by Defendant Baird.

84.     Upon information and belief, the LPS Defendants were notified about Defendant Baird's sexual abuse and molestation by one of Defendant Baird's victims in or around 2018, or before, on more than one occasion.

85.     The LPS Defendants failed to carry out their duties to investigate and take corrective action under Title IX following complaints of sexual assault, abuse, and molestation in or around 2018, or before and thereafter.

86.     Oquist, an agent of LPS, was an "appropriate person" within the meaning of Title IX, who had "actual notice" of the discriminatory harassment and sexual misconduct committed by Defendant Baird since Fall 2019.

87.     The LPS, GCPS, and Oquist acted with deliberate indifference as their lack of response to the allegations of sexual assault, abuse, and molestation was clearly unreasonable in light of the known circumstances, Defendant Baird's actions with female students, and his access to young girls.

88.     Defendant LPS officials had actual knowledge of Defendant Baird's inappropriate behavior for a significant period of time before the harm that F.A. DOE experienced and during the harm that F.A. DOE was experiencing, yet none of the officials took appropriate steps towards any corrective action or made any effort to protect F.A. DOE or any other students from the harm.

89.     The LPS and GCPS Defendants' responses were clearly unreasonable as Defendant Baird continued to sexually assault minor female students until he was resigned from the schools in 2021.

90.     Between the dates of Defendant Baird's employment with LPS, from approximately 2013 to 2021, the LPS Defendant acted in a deliberate, grossly negligent, and/or reckless manner when they failed to reasonably respond to Defendant Baird's sexual assaults and sex-based harassment of F.A. DOE on and off school premises. Therefore, Plaintiff is entitled to all damages allowed under federal law including punitive damages, which are appropriate under these circumstances.

91.     Defendant LPS acted with deliberate indifference, and in a clearly unreasonable manner by failing to respond to allegations of discriminatory harassment and sexual misconduct so as to protect F.A. DOE and others from such abuse.

92.     As a result of Defendant LPS' deliberate indifference to actual knowledge of Defendant Baird's discriminatory harassment and sexual misconduct, F.A. DOE was subject to further discriminatory harassment and sexual misconduct by Defendant Baird.

93.     Additionally, Defendant LPS failed to adequately supervise Defendant Baird, despite having actual knowledge that Defendant Baird posed a substantial risk of additional discriminatory harassment and sexual misconduct to the minor female students to whom he had unfettered access.

94.     Defendant LPS' failure to formally investigate and take corrective actions to complaints of Defendant Baird's discriminatory harassment and sexual misconduct effectively denied F.A. DOE's educational opportunities and benefits.

95.     As a direct and/or proximate result of LPS and GCPS's actions and/or inactions, F.A. DOE has suffered and will continue to suffer, loss of educational opportunities, deprivation of equal access of education, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT TWO**
**VIOLATION OF CIVIL RIGHTS**

## GENDER DISCRIMINATION
### 42 U.S.C. § 1983
### DEFENDANTS  LPS, G CPS , AND BAIRD

96.     Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

97.     Plaintiff F.A. DOE, as a female, is a member of a protected class under the Equal Protection Clause of the  Fourteenth Amendment to the United States Constitution.

98.     The Equal Protection Clause of the United States Constitution forbids a governmental actor from treating females differently where those actions are not substantially related to some important governmental purpose.

99.     Defendant Baird engaged in physical sexual abuse of F.A. DOE, which violated F.A. DOE's rights under the Equal Protection Clause of the United States Constitution in that such physical sexual abuse was not inflicted on male children in the LPS or GCPS district.

100.    Defendant Baird's actions of treating F.A. DOE differently from similarly situated male students by inflicting physical sexual abuse on F.A. DOE when such physical sexual abuse was not inflicted on similarly situated male students was not substantially related to any important governmental purpose.

101. F.A. DOE enjoys the constitutionally-protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

102. At all relevant times, Defendants  LPS, GCPS, and Baird were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the  State of Michigan.

17

103.    The acts, as alleged above, amount to a violation of these clearly-established, constitutionally-protected rights, of which reasonable persons in the LPS and GCPS positions should have known.

104.    The LPS and GCPS have the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives in the appropriate manner of detecting, reporting, and preventing sexual abuse, assault, and molestation as a matter of acts, custom, policy, and/or practice. They failed to do so with deliberate indifference.

105.    As a matter of custom, policy, and and/or practice, the LPS and GCPS had and have the ultimate responsibility and authority to investigate complaints against their employees, agents, and representatives from all individuals including, but not limited to students, visitors, faculty, staff, other employees, agents, and/or representatives. They failed to do so with deliberate indifference.

106.    The LPS and GCPS had a duty to prevent sexual assault, abuse, and molestation on their campus and premises, that duty arising under the above- referenced constitutional rights, as well as established rights pursuant to Title IX.

107.    Defendant LPS's internal policies provide that "The board of education will not tolerate (sexual harassment) of students by any of its employees…in determining whether the alleged conduct constitutes harassment…the nature (and context of the harassment) will be investigated." They further state, "The school district considers (sexual harassment) to be a major offense which will result in disciplinary action…regardless of the offender's position in the school."

108.    Upon information and belief, Defendant LPS's aforementioned internal

18

policies were violated in or around 2019, or earlier, when at least one victim reported sexual assault, abuse, and molestation by Defendant Baird to LPS representatives and no action was taken to address the victim's complaints.

109.   Defendant LPS's aforementioned internal policies were violated subsequently when additional victims reported sexual assault, abuse, and molestation by Defendant Baird to LPS representatives and no action was taken to address their complaints.

110.   The LPS's failure to address the aforementioned victims' complaints led to an unknown number of individuals being victimized, sexually assaulted, abused, and molested by Defendant Baird.

111.   Ultimately, Defendants failed to adequately and properly investigate the complaints of victims or other similarly-situated individuals, including but not limited to:

> A. Perform a thorough investigation into improper conduct by Defendant Baird after receiving complaints in 2019 or earlier;
>
> B. Thoroughly review and investigate all policies, practices, procedures, and training materials related to the circumstances surrounding the conduct of Defendant Baird.

112.   Defendant LPS's conduct and procedures permitted a sexually hostile environment to exist, affecting numerous children. LPS's failed to appropriately respond to reports of Defendant Baird's sexual assault, abuse, and molestation in a manner that was so clearly unreasonable that it amounted to deliberate indifference, LPS are liable to F.A. Doe pursuant to 42 U.S.C. § 1983.

113.    The LPS and GCPS are also liable to F.A. DOE under 42 U.S.C. §1983 for maintaining customs, policies, and practices which deprived F.A. Doe of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

114.    The LPS and GCPS tolerated, authorized and/or permitted a custom, policy, practice or procedure of insufficient supervision and failed to adequately screen, counsel, or discipline Defendant Baird, with the result that Defendant Baird was allowed to violate the rights of persons such as F.A. Doe with impunity.

115.    As a direct and/or proximate result of Defendants LPS, GCPS, and Baird's violation of F.A. DOE's rights under the Equal Protection Clause of the United States Constitution, F.A. DOE has suffered and will continue to suffer, loss of educational opportunities, deprivation of equal access of education, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT THREE**
**VIOLATION OF CIVIL RIGHTS**
**DISABILITY DISCRIMINATION**
**42 U.S.C. § 1983**
**DEFENDANTS LPS, GCPS, AND BAIRD**

116.    Plaintiff reasserts and re-allege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

117.    Defendant Baird was at all times relevant to this cause of action an employee of a public school, was acting as a public-school employee, and was acting within the scope of his employment and under the color of state law.

118.    The Equal Protection Clause of the United States Constitution prevents state actors from making distinctions that burden a fundamental right, target a suspect class, or intentionally treat one individual differently from others similarly situated without any rational basis.

119.    At all times relevant to this cause of action, F.A. DOE had the rights under the Fourteenth Amendment of the United States Constitution to equal protection under the law.

120.    F.A. DOE is considered a disabled individual and is therefore part of a protected class of individuals under the Equal Protection Clause of the United States Constitution.

121.    The Equal Protection Clause of the United States Constitution forbids a governmental actor from treating disabled individuals differently where those actions are not rationally related to some legitimate governmental purpose.

122.    Defendant Baird engaged in physical sexual abuse of F.A. DOE, which violated F.A. DOE's rights under the Equal Protection Clause of the United States Constitution in that such physical sexual abuse was not inflicted on young children in the LPS district who did not have disabilities.

21

123.    Defendant Baird's actions of treating F.A. DOE differently from similarly situated non-disabled students by inflicting physical sexual abuse on F.A. DOE when such physical sexual abuse was not inflicted on similarly situated non-disabled students was not rationally related to any legitimate governmental purpose.

124.    Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position, at all times relevant to this cause of action, would have known that treating F.A. DOE differently than similarly situated non-disabled students where such treatment was not rationally related to any legitimate governmental purpose was a violation of F.A. DOE's constitutional rights under the Equal Protection Clause of the United States Constitution

125.    Defendant Baird is not entitled to qualified immunity.

126.    As a direct and/or proximate result of Defendants LPS, GCPS, and Baird's violation of F.A. DOE's rights under the Equal Protection Clause of the United States Constitution, F.A. DOE has suffered and will continue to suffer, loss of educational opportunities, deprivation of equal access of education, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court

22

enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT FOUR
## FAILURE TO TRAIN AND SUPERVISE
### 42 U.S.C. § 1 983
### DEFENDANTS LPS AND GCPS

127.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

128.   LPS and GCPS have the ultimate responsibility and authority to train and supervise its employees, agents, and/or representatives, including Defendant Baird and all faculty and staff regarding their duties toward students, faculty, staff, and visitors.

129.   LPS and GCPS failed to train and supervise its employees, agents, and/or representatives, including all faculty and staff, regarding the following duties:

        A. Perceive, report, and stop inappropriate sexual conduct on campus;

        B. Provide diligent supervision over disabled-students and other individuals;

        C. Report suspected incidents of sexual abuse or sexual assault;

        D. Ensure the safety of all students, faculty, staff, and visitors to Defendant campuses' premises;

        E. Provide a safe environment for all students, faculty, staff, and visitors to Defendant premises free from sexual harassment; and,

        F. Properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

130.    The above list of duties is not exhaustive.

131.    LPS and GCPS failed to adequately train teachers, staff, and others regarding the aforementioned duties which led to violations of F.A. DOE's rights.

132.    As a result, LPS and GCPS deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. §1983.

133.    Defendant agent Oquist was at all times relevant to this cause of action an employee and/or administrator of LPS, was acting as an employee and/or administrator of LPS and was acting within the scope of her employment and under the color of state law.

134.    Defendant agent Oquist at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at LPS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision- making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

135.    Defendant agent Bohnwagner was at all times relevant to this cause of action an employee and/or administrator of GCPS, was acting as an employee and/or administrator of GCPS and was acting within the scope of her employment and under the color of state law.

136.    Defendant agent Bohnwagner at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at GCPS

to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

137.   Defendant agent Fisher was at all times relevant to this cause of action an employee and/or administrator of GCPS, was acting as an employee and/or administrator of GCPS and was acting within the scope of her employment and under the color of state law.

138.   Defendant agent Fisher at all times relevant to this cause of action held a supervisory and administrative role and had decision-making authority at GCPS to enact policies, procedures, regulations, or customs regarding, but not limited to, the endangerment and abuse of students and/or children, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

139.   Defendants agents Oquist, Fisher, Bohnwagner, and Defendants LPS, and GCPS were deliberately indifferent to F.A. DOE's constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this complaint when Defendants agents Oquist, Fisher, Bohnwagner, and Defendants LPS, and GCPS had knowledge of what Defendant Baird did and would engage in conduct that created the substantial risks that F.A. DOE would be sexually abused that would result in violation of F.A. DOE's constitutional rights as

set forth throughout this Complaint.

140.   As a direct and/or proximate result of LPS and GCPS's actions and/or inactions, F.A. DOR suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT FIVE
### GROSS NEGLIGENCE
### DEFENDANTS LPS, GCPS, and BAIRD

141.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

142.   LPS and GCPS owed F.A. DOE a duty to use due care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents, including Defendant Baird.

143. Defendant Baird owed F.A. DOE a duty of due care in carrying out educational duties as an employee, agent, and/or representative of LPS and GCPS.

144. By receiving treatment and education from Defendant Baird in the course of his employment, agency, and/or representation of LPS and GCPS, a special, confidential, and fiduciary relationship between F.A. DOE and Defendant Baird was created, resulting in Defendant Baird owing F.A. DOE a duty to use due care.

145. LPS and GCPS failure to adequately supervise Defendant Baird, especially after LPS knew or should have known of complaints regarding his nonconsensual sexual touching and assaults during "treatments," was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to F.A. DOE.

146. Defendant Baird's conduct in sexually assaulting, abusing, and molesting F.A. DOE in the course of his employment, agency, and/or representation of LPS and GCPS under the guise of rendering "education/treatment" was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to F.A. DOE.

147. LPS and GCPS's conduct demonstrated a willful disregard for precautions to ensure F.A. DOE's safety.

148. LPS and GCPS's conduct, as described above, demonstrated a willful disregard for substantial risks to F.A. DOE.

149. LPS and GCPS breached duties owed to F.A. DOE and were grossly negligent when they conducted themselves by the actions described above, said acts having been committed with reckless disregard for F.A. DOE's health, safety,

Constitutional and/or statutory rights, and with a substantial lack of concern as to whether an injury would result.

150.   Oquist, Fisher, and Bohnwagner, acting as agents of LPS and GCPS, allowed Defendant Baird to engage in conduct that created the substantial risks that F.A. DOE would be sexually abused.

151.   Oquist, Fisher, and Bohnwagner, acting as agents of LPS and GCPS, by doing so were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in an unnecessary or willful or wanton manor toward F.A. DOE, and were indifferent to the substantial risks that physical and emotional sexual abuse would be inflicted on F.A. DOE, and nevertheless maliciously carried out those acts.

152.   Oquist, Fisher, and Bohnwagner, acting as agents of LPS and GCPS, conduct in that regard, together or separately, were the proximate cause of damages to F.A. DOE in that it was foreseeable that such conduct, together or separately, would result in sexual molestation of F.A. DOE by Defendant Baird.

153.   As a direct and/or proximate result of Defendants LPS, Baird and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT SIX
## NEGLIGENCE
## DEFENDANTS  LPS, GCPS, and BAIRD

154.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

155.   LPS and GCPS owed F.A. DOE a duty of ordinary care to ensure her safety and freedom from sexual assault, abuse, and molestation while interacting with their employees, representatives, and/or agents.

156.   By treatment and education from Defendant Baird in his capacity as an employee, agent, and/or representative of LPS and GCPS, a special, confidential, and fiduciary relationship between F.A. DOE and Defendant Baird was created, resulting in Defendant Baird owing F.A. DOE a duty to use ordinary care.

157.   Defendant Baird owed F.A. DOE a duty of ordinary care.

158.   LPS and GCPS's failure to adequately train and supervise Defendant Baird breached the duty of ordinary care.

159.   LPS and GCPS had notice through its own employees, agents, and/or representatives of complaints of a sexual nature related to Defendant Baird's purported "education/treatments" with young girls.

160.   LPS and GCPS should have known of the foreseeability of sexual abuse

with respect to youth.

161.   LPS and GCPS's failure to properly investigate, address, and remedy complaints regarding Defendant Baird's conduct was a breach of ordinary care.

162.   Defendant Baird's conduct in sexually assaulting, abusing, and molesting F.A. DOE in the course of his employment, agency, and/or representation of LPS and GCPS was a breach of the duty to use ordinary care.

163.   As a direct and/or proximate result of Defendants LPS, Baird, and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT SEVEN**
**VICARIOUS LIABILITY**
**DEFENDANTS LPS AND GCPS**

164.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

165.    Vicarious liability is indirect responsibility imposed by operation of law where an employer is bound to keep its employees within their proper bounds and is responsible if it fails to do so.

166.    Vicarious liability essentially creates agency between the principal and its agent, so that the principal is held to have done what the agent has done.

167.    LPS and GCPS employed and/or held Defendant Baird out to be its agent and/or representative from approximately 2013 to 2021.

168.    LPS and GCPS are vicariously liable for the actions of Defendant Baird, as described above, that were performed during the course of his employment, representation, and/or agency with LPS and GCPS and while he had unfettered access to young female students on the districts campus' and premises.

169.    As a direct and/or proximate result of LPS and GCPS actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

        WHEREFORE, Plaintiff respectfully request that this Honorable Court

enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT EIGHT
## EXPRESS/IMPLIED AGENCY
## DEFENDANTS  LPS AND GCPS

170.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

171.    An agent is a person who is authorized by another to act on its behalf.

172.   LPS and GCPS intentionally or negligently made  representations that Defendant Baird was their employee, agent, and/or representative.

173.   On the basis of those representations, F.A. DOE reasonably believed that Defendant Baird was acting as an employee, agent, and/or representative of LPS and GCPS.

174.   F.A. DOE was injured as a result of Defendant Baird's sexual assault, abuse, and molestation, as described above, which were acts performed during the course of his employment, agency, and/or representation with LPS and GCPS and while he had unfettered access to young female students.

175.   F.A. DOE was injured because she relied on LPS and GCPS to provide employees, agents, and/or representatives who would exercise reasonable skill and care.

176.   As a direct and/or proximate result of LPS and GCPS actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems. and will

continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT NINE
## NEGLIGENT SUPERVISION
## DEFENDANTS LPS AND GCPS

177.   F.A. DOE realleges and incorporates by reference the allegations contained in the previous paragraphs.

178.   LPS and GCPS had a duty to provide reasonable supervision of their employee, agent, and/or representative, Defendant Baird, while he was in the course of his employment, agency, or representation with LPS and GCPS and while he interacted with young female students including F.A. DOE.

179.   LPS and GCPS breached their duty to provide reasonable supervision of Defendant Baird, and permitted Defendant Baird, who was in a position of trust and authority, to commit the acts against F.A. DOE.

180.   The aforementioned sexual abuse occurred while F.A. DOE and Defendant Baird were on the premises of Douglas 3-4 Campus, and while Defendant Baird was acting in the course of his employment, agency, and/or representation of LPS and GCPS.

181.   LPS and GCPS tolerated, authorized, and/or permitted a custom, policy, practice, or procedure of insufficient supervision, and failed to adequately screen, counsel, or discipline such individuals, with the result that Defendant Baird was allowed to violate the rights of persons such as F.A. DOE with impunity.

182.   As a direct and/or proximate result of LPS and GCPS actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

183.   WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT TEN**
**NEGLIGENT FAILURE TO WARN OR PROTECT**
**DEFENDANTS LPS AND GCPS**

184.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

185.   LPS and GCPS knew, or should have known, that Defendant Baird posed a risk of harm to F.A. DOE and those in her situation.

186.   As early as 2019, or even earlier, the LPS and GCPS had direct and/or constructive knowledge as to the dangerous conduct of Defendant Baird and failed to act reasonably and responsibly in response.

187.   LPS and GCPS knew, or should have known, that Defendant Baird committed sexual assault, abuse, and molestation and/or was continuing to engage in such conduct.

188.   LPS and GCPS had a duty to warn or protect F.A. DOE and others in her situation against the risk of injury by Defendant Baird.

189.   The duty to disclose this information arose by the special, trusting, confidential, and fiduciary relationship between Defendant Baird, as an employee, agent, and or representative of LPS and GCPS, and F.A. DOE.

190.   LPS and GCPS breached said duty by failing to warn F.A. DOE and/or by failing to take reasonable steps to protect F.A. DOE from Defendant Baird.

191.   LPS and GCPS breached its duties to protect F.A. DOE by failing to:

      a.  Respond to allegations of sexual assault, abuse, and molestation;

      b.  Detect, and/or uncover evidence of sexual assault, abuse, and molestation; and

      c.  Investigate, adjudicate, and terminate Defendant

Baird's employment.

192.   LPS and GCPS failed to adequately screen, counsel, and/or discipline Defendant Baird for physical and/or mental conditions that might have rendered him unfit to discharge the duties and responsibilities of an employee at an educational institution, resulting in violations of F.A. DOE's rights.

193. LPS and GCPS willfully refused to notify, give adequate warning, and implement appropriate safeguards to protect F.A. DOE from Defendant Baird's conduct. As a direct and/or proximate result of LPS and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

### COUNT ELEVEN
### NEGLIGENT FAILURE TO TRAIN OR EDUCATE
### DEFENDANTS LPS AND GCPS

194. Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

195. LPS and GCPS breached their duty to take reasonable protective measures to protect F.A. DOE from the risk of sexual abuse and/or sexual assault by Defendant Baird, such as the failure to properly train or educate F.A. DOE and other individuals about how to avoid such a risk.

196. LPS and GCPS failed to implement reasonable safeguards to:

    a.  Prevent acts of sexual assault, abuse, and molestation by Defendant Baird;

    b.  Avoid placing Defendant Baird in positions where he would be in unsupervised contact and interaction with F.A. DOE and other young students.

197.   As a direct and/or proximate result of LPS and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her

daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT TWELVE
## NEGLIGENT RETENTION
## DEFENDANTS  LPS AND GCPS

198.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

199.    LPS and GCPS had a duty when credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising employees, agents, and/or representatives to exercise due care, but they failed to do so.

200.    LPS and GCPS were negligent in the retention of Defendant Baird as an employee, agent, and/or representative in their failure to adequately investigate, report, and address complaints about his conduct of which they knew or should have known.

201.    LPS and GCPS were negligent in the retention of Defendant Baird as an employee, agent, and/or representative after they discovered, or reasonably should have discovered, Defendant Baird's conduct which reflected a propensity for sexual misconduct.

202.    LPS and GCPS's failure to act in accordance with the standard of care resulted in Defendant Baird gaining access to, sexually abusing, and/or sexually assaulting F.A. DOE and an unknown number of other individuals.

203.    The aforementioned negligence in the credentialing, hiring, retaining, screening, checking, regulating, monitoring, and supervising of Defendant Baird created a foreseeable risk of harm to F.A. DOE.

204.    As a direct and/or proximate result of LPS and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation,

and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT THIRTEEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANTS LPS AND GCPS

205.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

206.    LPS and GCPS allowed Defendant Baird to be in a position where he could sexually assault, abuse, and molest young female students.

207.    A reasonable person would not expect LPS and GCPS to tolerate or permit their employee or agent to carry out sexual assault, abuse, or molestation after they knew or should have known of complaints and claims of sexual assault and abuse occurring during Defendant Baird's "treatments."

208.    A reasonable person would not expect LPS and GCPS to be incapable of supervising Defendant Baird and/or preventing Defendant Baird from committing acts of sexual assault, abuse, and molestation.

209.    LPS and GCPS conduct, as described above, was intentional and/or reckless.

210.    As a direct and/or proximate result of LPS and GCPS actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT FOURTEEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## DEFENDANT BAIRD

211.    Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

212.    Defendant Baird's conduct, as set forth above, and in particular by inflicting physical and emotional sexual abuse on F.A. DOE, was intentional or reckless, extreme, outrageous, and of such character as to be intolerable in a civilized society.

213.    Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Baird engaged in sexual contact

with F.A. DOE by forcing F.A. Doe to grab Defendant Baird's penis which was done for no other purpose but for Defendant Baird's sexual arousal or gratification and/or done for a sexual purpose.

214.    Defendant Baird's conduct was for an ulterior motive or purpose, including, but not limited to, to cause F.A. DOE to suffer severe emotional distress.

215.    Defendant Baird's conduct has caused and will continue to cause F.A. DOE to suffer severe emotional distress.

216.    Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

217.    Defendant Baird is not entitled to governmental immunity under Michigan law.

218.    As a direct and/or proximate result of Defendants LPS, Baird, and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and has sustained and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT FIFTEEN
## FRAUD AND MISREPRESENTATION
## DEFENDANTS LPS GCPS

219.    Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

220.    From approximately 2013 to September 2021, LPS and GCPS represented to F.A. DOE and the public that Defendant Baird was a competent and safe educator.

221.    By representing that Defendant Baird was a Teacher Consultant for the Visually Impaired and a Certified Orientation and Mobility Specialist for LPS and GCPS, the LPS and GCPS represented to F.A. DOE and the public that Defendant Baird was safe, trustworthy, of high moral and ethical repute, **and** that F.A. DOE and the public need not worry about being harmed by Defendant Baird.

222.    The representations were false when they were made as Defendant Baird had and was continuing to sexually assault, abuse, and molest F.A. DOE and an unknown number of other individuals.

223.    As of 2019, or even earlier, LPS and GCPS knew that their representations of Defendant Baird were false, as victims had complained of Defendant Baird's conduct to LPS and GCPS representatives.

224.    Although LPS and GCPS were informed of Defendant Baird's conduct, they failed to investigate, remedy, or in any way address those victims' complaints.

225.    LPS and GCPS continued to hold Defendant Baird out as a competent and safe specialist for visually impaired students.

226.    F.A. DOE and subsequent victims relied on the assertions of LPS and GCPS and continued to seek treatment from Defendant Baird in the wake of known concerns and

dangers.

227.    F.A. DOE was subjected to sexual assault, abuse, and molestation as a result of LPS and GCPS's fraudulent misrepresentations regarding Defendant Baird.

228.    As a direct and/or proximate result of LPS and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT SIXTEEN**
**EXCESSIVE FORCE VIOLATION OF**
**CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND**
**FOURTEENTH AMENDMENTS OF THE UNITED STATES**
**CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 –**
**DEFENDANT BAIRD**

229.    Plaintiff reasserts and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

230.    Defendant Baird was at all times relevant to this cause of action an employee of a public school, acting as a public-school employee, and acting within the scope of his employment

and under the color of state law.

231.    At all times relevant to this cause of action, F.A. DOE was afforded the constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from the use of unnecessary, unreasonable, illegal, and excessive force.

232.    At all times relevant to this cause of action, Defendant Baird owed a duty to the public, but especially to F.A. DOE, to act in a lawful and reasonable manner, and to avoid the use of unnecessary, unreasonable, illegal, and excessive force, in violation of F.A. DOE's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

233.    Defendant Baird engaged in physical sexual abuse of F.A. DOE, which constituted unnecessary, unreasonable, illegal, and excessive force, in violation of F.A. DOE's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, as well as violations of the criminal laws of the State of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant LPS and/or Defendant GCPS.

234.    Defendant Baird's conduct as described herein was objectively unreasonable and any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that the use of physical force and/or physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal, and excessive and would have been under the same or similar conditions that existed and as alleged herein.

235.    The use of unnecessary, unreasonable, illegal, and excessive force by Defendant Baird against F.A. DOE amounted to a violation of F.A. DOE's rights under the Fourth and Fourteenth Amendment of the United States Constitution, and those rights were clearly established

44

at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Baird's position would have known.

236.   Defendant Baird is not entitled to qualified immunity.

237.   As a direct and/or proximate result of Defendants LPS, Baird, and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT SEVENTEEN**
**SUBSTANTIVE DUE PROCESS VIOLATION**
**OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH**
**AMENDMENT OF THE UNITED STATES CONSTITUTION**
**PURSUANT TO 42 U.S.C. § 1983 –DEFENDANT BAIRD**

238.   Plaintiff reasserts and re-alleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

239.   Defendant Baird was at all times relevant to this cause of action an employee and/or administrator of a public school, was acting as a public-school employee and/or administrator and

was acting within the scope of his employment and under the color of state law.

240.    At all times relevant to this cause of action, F.A. DOE had the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution not to be deprived of life without due process.

241.    At all times relevant to this cause of action, F.A. DOE was afforded the rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, including the right to be free from sexual abuse at the hands of a school employee and particularly when it is not administered for any pedagogical purpose but only for the gratification of Defendant Baird.

242.    At all times relevant to this cause of action, F.A. DOE had the right under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to be free from arbitrary government conduct that lacks all socially redeeming value.

243.    Defendant Baird engaged in physical sexual abuse of F.A. DOE, which constituted unnecessary, unreasonable, illegal, and excessive force, in violation of F.A.  DOE's rights under the Due Process Clause under the Fourteenth Amendment of the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprive a person of life, liberty, or property without due process of law, as well as violations of the criminal laws of the State of Michigan and violations of the policies and procedures that were or should have been in effect at Defendant LPS and/or Defendant GCPS.

244.    Those rights were at all times relevant to this cause of action clearly established in that any reasonable governmental official in Defendant Baird's position would have known that such rights were being violated when Defendant Baird inflicted physical sexual abuse on F.A. DOE has alleged herein.

245.    The acts of physical sexual and emotional abuse by Defendant Baird of F.A. DOE, under all circumstances relevant to this cause of action caused injury so severe, was so antithetical to the child's special needs presented, and was so inspired by malice or sadism rather than a mere careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power that is literally shocking to the conscience.

246.    The acts of physical and emotional abuse by Defendant Baird of F.A. DOE, under all circumstances relevant to this cause of action lacked any and all pedagogical purpose or justification and lacked any socially redeeming value.

247.    The acts of physical sexual abuse by Defendant Baird of F.A. DOE, under all circumstances relevant to this cause of action amount to deliberate indifference to the risk that F.A. DOE would suffer harm and to F.A. DOE's health and safety of which Defendant Baird was specifically aware and yet disregarded.

248.    Defendant Baird's deliberate indifference under the circumstances relevant to this cause of action reflect a failure to even care about the health and safety of F.A. DOE and such deliberate indifference under such circumstances thus literally shocks the conscience.

249.    The use of unnecessary, unreasonable, illegal, and excessive force by Defendant Baird against F.A. DOE amounted to a violation of F.A. DOE's rights under the Due Process Clause under the Fourteenth Amendment to the United States Constitution to personal security and bodily integrity, and to be free from state actions that deprive a person of life, liberty, or property without due process of law, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and governmental official in Defendant Baird's position would have known.

250.    Defendant Baird's conduct as described herein was objectively unreasonable and

any reasonable governmental official in Defendant Baird's position at all times relevant to this cause of action would have known that the use of physical force and physical sexual abuse under the circumstances as they were presented to him was unnecessary, unreasonable, illegal, and excessive under the same or similar conditions that existed as alleged herein.

251.    Defendant Baird is not entitled to qualified immunity.

252.    As a direct and/or proximate result of Defendants LPS, Baird, and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT EIGHTEEN**
**BATTERY**
**DEFENDANT BAIRD**

253.    Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

254.     Defendant Baird's conduct, as set forth above, constituted a willful and harmful or offensive touching of F.A. DOE. Defendant Baird's conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law, and in particular, Defendant Baird engaged in sexual contact with F.A. DOE by forcing her to grab Defendant Baird's penis for no other purpose but for sexual arousal or gratification and/or done for a sexual purpose.

255.     In addition or in the alternative thereto the conduct meets the elements of "criminal sexual conduct" as that term is defined under Michigan law because Baird forced F.A. DOE to touch Baird's penis.

256.     Defendant Baird intended the acts that caused the willful and harmful or offensive touching of F.A. DOE.

257.     Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

258.     Defendant Baird is not entitled to governmental immunity under Michigan law.

259.     As a direct and/or proximate result of Defendants LPS, Baird, and GCPS's actions and/or inactions, F.A. Doe suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

**COUNT NINETEEN**
**ASSAULT**
**DEFENDANT BAIRD**

260.    Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

261.    The surrounding circumstances of Defendant Baird's conduct created a well-founded apprehension in F.A. DOE of imminent harmful and offensive contact and injury.

262.    The surrounding circumstances of Defendant Baird's conduct created, from F.A. DOE's perspective and belief, an apparent present ability for Defendant Baird to accomplish harmful and offensive contact and injury.

263.    Defendant Baird's conduct, as set forth above, was undertaken during the course of his employment and he was acting, or reasonably believed that he was acting, within the scope of his authority, was not undertaken in good faith but rather with malice and was discretionary.

264.    Defendant Baird is not entitled to governmental immunity under Michigan law.

265.    As a direct and/or proximate result of Defendants LPS, Baird, and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented

from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT TWENTY
## ELLIOTT-LARSEN CIVIL RIGHTS ACT (MCL 37.2101 *et seq.*) – DEFENDANTS LPS, GCPS, AND BAIRD

266. Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

267. MCL 37.2102(1) sets forth that "[t]he opportunity to obtain employment, housing and other real estate, and the full and equal utilization of public accommodations, public service, and educational facilities without discrimination because of religion, race, color, national origin, age, sex, height, weight, familial status, or marital status as prohibited by this act, is recognized and declared to be a civil right."

268. Defendants LPS, GCPS, and Baird are each a "person" as that term is defined under MCL 37.2103(g) and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

269. Defendants LPS and GCPS are each a "political subdivision" as that term is defined under MCL 37.2103(h) and are therefore subject to the Elliott- Larsen Civil Rights Act, MCL

37.2101 *et seq.*

270. Defendants LPS and GCPS are each a "place of public accommodation" as that term is defined under MCL 37.2301 and are therefore subject to the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

271. MCL 37.2302 sets forth in relevant part that a "person shall not…deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, sex, or marital status."

272. Defendants LPS and GCPS are each an "educational institution" as that term is defined under MCL 37.2401 and are therefore subject to the Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

273. MCL 37.2402 sets forth that an "educational institution" shall not do any of the following:

1. Discriminate against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of religion, race, color, national origin, or sex.

2. Exclude, expel, limit, or otherwise discriminate against an individual seeking admission as a student or an individual enrolled as a student in the terms, conditions, or privileges of the institution, because of religion, race, color, national origin, or sex.

274. MCL 37.2103(i) sets forth as follows:

   i. Discrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual

favors, and other verbal or physical conduct or communication of a sexual nature under the following conditions:

   i.     Submission to the conduct or communication is made a term or condition either explicitly or implicitly to obtain employment, public accommodations or public services, education, or housing.

   ii.    Submission to or rejection of the conduct or communication by an individual is used as a factor in decisions affecting the individual's employment, public accommodations or public services, education, or housing.

   iii.   The conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment.

275.    Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards F.A. DOE under circumstances and conditions that submission to the conduct or communication was made a term or condition either explicitly or implicitly for F.A. DOE to public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

276.    Defendant Baird made unwelcome sexual advances and other verbal or physical conduct or communication of a sexual nature towards F.A. DOE under circumstances and

conditions that submission to or rejection of the conduct or communication by F.A. DOE was used as a factor in decisions affecting F.A. DOE's public accommodations, public services, and education, and in particular, whether she would receive visual impairment instruction.

277.    Defendant Baird made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature towards F.A. DOE under circumstances and conditions that the conduct or communication had the purpose or effect of substantially interfering with F.A. DOE's public accommodations, public services, and education and created an intimidating, hostile, and offensive public accommodations, public services, and education environment.

278.    Defendant Baird made unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature towards F.A. DOE under circumstances and conditions that the conduct or communication had the purpose or effect of denying F.A. DOE the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of sex.

279.    Defendant Baird conduct by engaging in physical sexual abuse of F.A. DOE constituted sexual harassment as that term is defined under MCL 37.2103(i) and was therefore discrimination "because of sex."

280.    Defendant Baird is liable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq* for the violations set forth above.

281.    Defendants LPS and GCPS as set forth above, are subject to liability under the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

282.    Defendants Baird, LPS, and GCPS are not entitled to governmental immunity under

Michigan law for the violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

283.    As a direct and/or proximate result of Baird, LPS and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendant Baird and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in er favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT TWENTY-ONE
## FAILURE TO REPORT CHILD ABUSE
## DEFENDANTS LPS AND GCPS THROUGH THEIR AGENTS
## BAIRD, OQUIST, FISHER, AND BOHNWAGNER

284.    Plaintiff reincorporates and re-alleges each and every preceding paragraph as if fully set forth herein.

285.    The Michigan Child Protection Law ("CPL") imposes a duty on certain individuals to report suspected "child abuse" or "child neglect" and assigns civil liability for failure to fulfill that duty.

286.    MCL § 722.623(1)(a) sets forth, in relevant part, as follows:

A.  An individual is required to report under this act as follows:

a.  A…social worker, licensed master's social worker, licensed bachelor's social worker, registered social service technician,

social service technician, a person employed in a professional capacity in any office of the friend of the court, school administrator, school counselor or teacher…who has reasonable cause to suspect child abuse or child neglect shall make an immediate report to centralized intake by telephone, or, if available, through the online reporting system, of the suspected child abuse or child neglect. Within 72 hours after making an oral report by telephone to centralized intake, the reporting person shall file a written report as required in this act.

287.    "Child abuse" is defined under MCL § 722.622(g) as "harm or threatened harm to a child's health or welfare that occurs though nonaccidental physical or mental injury, sexual abuse, sexual exploitation, or maltreatment, by a parent, legal guardian, or any other person responsible for the child's health or welfare or by a teacher, a teacher's aide, or a member of the clergy."

288.    "Central registry" as referenced in MCL § 722.623(1)(a) is defined under MCL § 722.622(c) as "the system maintained at the department that is used to keep a record of all reports filed with the department under this act in which relevant and accurate evidence of child abuse or child neglect is found to exist. The "department" as referenced in MCL § 722.622(c) is defined under MCL § 722.622(q) as "the department of human services."

289.    MCL § 722.633(1) provides that "[a] person who is required by this act to report an instance of suspected child abuse or neglect and who fails to do so is civilly liable for the damages proximately caused by the failure."

290.    Defendants LPS and GCPS through their agents Baird, Oquist, Fisher, and Bohnwagner are each required under the CPL to report child abuse as set forth under MCL § 722.623(1)(a).

291.    Defendant Baird's conduct by inflicting physical and emotional sexual abuse on F.A. DOE constituted child abuse of F.A. DOE as that term is defined under MCL § 722.622(g).

292.    Defendants LPS and GCPS through their agents Baird, Oquist, Fisher, and Bohnwagner each had reasonable cause to suspect that F.A. DOE had been subjected to child abuse as that term

is defined under MCL § 722.622(g).

293.    Defendants LPS and GCPS through their agents Baird, Oquist, Fisher, and Bohnwagner each failed to report child abuse of F.A. DOE of which they had reasonable cause to suspect.

295.    F.A. DOE suffered damages that were proximately caused by the failure of Defendants LPS and GCPS through their agents Baird, Oquist, Fisher, and Bohnwagner to report child abuse of F.A. DOE of which those Defendants had reasonable cause to suspect.

296.    Defendants LPS and GCPS through their agents Baird, Oquist, Fisher, and Bohnwagner's failure to report child abuse of F.A. DOE, and those before her, together or separately, was the proximate cause of the damages that were suffered by F.A. DOE for such failures in that it was foreseeable that such failures, together or separately, would result in continued child abuse of F.A. DOE.

297.    As a direct and/or proximate result of Defendants LPS and GCPS through their agents Baird, Oquist, Fisher, and Bohnwagner actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and has may sustain loss of earnings and earning capacity. As a result of such intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary

damages so wrongfully incurred, as the Court deems just.

## DAMAGES

298.  Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs.

299.  As a direct and/or proximate result of Defendants LPS, Baird, and GCPS's actions and/or inactions, F.A. DOE suffered discomfort and additional medical problems, and will continue to suffer pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, and enjoyment of life, was prevented and will continue to be prevented from performing her daily activities and obtaining the full enjoyment of life, and has sustained and continues to sustain loss of earnings and earning capacity.

300.  The conduct and actions and/or inactions of Defendants, as alleged in the above stated counts and causes of actions, constitute violations of Plaintiffs Constitutional and Federal rights as well as the common and/or statutory laws of the State of Michigan, and the United States District Court has jurisdiction to hear and adjudicate said claims.

301.  In whole or in part, as a result of some or all of the above actions and/or inactions of Defendants, Plaintiff has and continues to suffer irreparable harm as a result of the violations.

302.  The amount in controversy for Plaintiff exceeds the jurisdictional minimum of $75,000.00.

WHEREFORE, Plaintiff requests that this Court as the finder of fact enter judgment in Plaintiff's favor against all named Defendants on all counts and claims as indicated above in an amount consistent with the proofs at trial, and seeks against

Defendants all appropriate damages arising out of law, equity, and fact for each or all of the above counts where applicable, and hereby requests that the trier of fact, be it judge or jury, award Plaintiff all applicable damages, including but not limited to compensatory, special, exemplary, and/or punitive damages, in whatever amount the Plaintiff is entitled, and all other relief arising out of law, equity, and fact, also including but not limited to:

   a. Compensatory damages, in an amount to be determined as fair and just under the circumstances by the trier of fact, including but not limited to medical expenses, loss of earnings, mental anguish, anxiety, humiliation, embarrassment, violation of Plaintiffs Constitutional, Federal, and State rights, loss of social pleasure and enjoyment, and other damages to be proved;

   b. Punitive and/or exemplary damages in an amount to be determined as reasonable and just by the trier of fact;

   c. Reasonable attorneys' fees, interest, and costs; and

   d. Other declaratory, equitable, and/or injunctive relief, including but not limited to implementation of institutional reform and measures of accountability to ensure the safety and protection of young students and other individuals, as appears to be reasonable and just.

Respectfully submitted,

Dated: February 10, 2023

By: /s/ *Abdallah M. Moughni*
Abdallah M. Moughni  (P85374)
Majed A. Moughni (P61087)
**MOUGHNI LAW, PLLC.**
Attorneys for Plaintiffs
290 Town Center Drive, STE 320
Dearborn, MI 48126
(313)581-0800
Abdallah@moughnilaw.com
Majed@moughnilaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims set forth above.

Respectfully submitted,


Dated: February 10, 2023                    By: /s/ *Abdallah M. Moughni*
Abdallah M. Moughni  (P85374)
Majed A. Moughni (P61087)
**MOUGHNI LAW, PLLC.**
Attorneys for Plaintiffs
290 Town Center Drive, STE 320
Dearborn, MI 48126
(313)581-0800
Abdallah@moughnilaw.com
Majed@moughnilaw.com